## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| SHERRY BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 6:16-cv-02006-JHE |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Sherry Batchelor ("Batchelor") seeks review, pursuant to 42 U.S.C. § 405(g), §

205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security

Administration ("Commissioner"), denying her application for a period of disability and disability

insurance benefits ("DIB"). (Doc. 1). Batchelor timely pursued and exhausted her administrative

remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The

undersigned has carefully considered the record and, for the reasons stated below, the

Commissioner's decision is **REVERSED** and **REMANDED**.

### I. Factual and Procedural History

Batchelor filed her application for a period of disability and DIB on October 31, 2013,

alleging she became unable to work beginning July 17, 2012.[2] (Tr. 10, 182-86). The Agency

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 12).

[2] Plaintiff's date last insured for DIB purposes was December 31, 2014, and, thus, she needed to prove she was disabled on or before December 31, 2014, to be eligible for DIB (Tr. 208). *See* 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131.

initially denied Batchelor's application, (tr. 68-76, 101), and Batchelor requested a hearing where she appeared on February 20, 2015, (tr. 49-56), and April 20, 2015, (tr. 24-48). After the hearing, the Administrative Law Judge ("ALJ") denied Batchelor's claim on June 11, 2015. (Tr. 7-23). Batchelor sought review by the Appeals Council, but it declined her request on October 13, 2016. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On December 14, 2016, Batchelor initiated this action. (*See* doc. 1).

Plaintiff, who was 48 years old on the date she alleged she became disabled and 50 years old on the date she was last insured for DIB purposes, completed the eleventh grade and had past relevant work as a housekeeper (Tr. 44, 53-54, 208, 213). Plaintiff alleged she became disabled on July 17, 2012, due to heart problems/high pulse rate, depression, nerve pain, sciatica, diabetes, degenerative arthritis, bone spurs in both feet, COPD, anxiety, high blood pressure, right knee problems back pain, and sleep apnea (Tr. 212).

## II. Standard of Review[3]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate

---

[3]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. "Substantial evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However, the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;
(2)     whether the claimant has a severe impairment;
(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)     whether the claimant can perform his or her past work; and
(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Batchelor last met the insured status requirements of the Social Security Act on December 31, 2014 (her date last insured or "DLI"), and that Batchelor had not engage in substantial gainful activity during the period from her alleged onset date of July 17, 2012, through her date last insured date of December 31, 2014. (Tr. 12). At Step Two, the ALJ found Batchelor has the following severe impairments: chronic pain syndrome and bilateral plantar fasciitis. (*Id.*). At Step Three, the ALJ found Batchelor did not have an impairment or combination

of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13).

Before proceeding to Step Four, the ALJ determined Batchelor's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined that, through her DLI, Batchelor had the RFC to perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b). (Tr. 14-17). Specifically, the ALJ stated as follows:

> Allowing for some limitation of documented degenerative changes of the lumbar spine; adjusting for a diagnosis of plantar fasciitis; even though there is repeated reference to the claimant having a normal gait, even adjusting for undocumented degenerative joint disease of the right knee; and giving some credence to chronic pain syndrome, she can lift 20 pounds occasionally and 10 pounds frequently. She can sit six hours in an eight our workday with customary breaks. She can stand three hours in an eight hour workday but no longer than 40 minutes at one time without the ability to sit one to two minutes. She can walk two hours in an eight-hour workday but no longer than 30 minutes at one time without sitting for one to two minutes. She should avoid uneven surfaces. She can occasionally navigate stairs or ramps with a railing. She can occasionally crouch, stoop, and bend but not repetitively. She should avoid ladders and scaffolding. She should avoid kneeling, crawling, heavy vibratory machinery, unprotected heights, and extreme cold exposure. She has unlimited use of the upper extremities for fine and gross manipulation and she would have no problem with pedals and foot controls as plantar fasciitis only comes into play upon immediately standing up from sitting for a period of time and/or laying down. Additionally, frequent references of a normal gait seem to reduce that problem in the medical records. Consideration has been given to complaints of pain, which this term was used as that of chronic pain syndrome.

(Tr. 23-26).

At Step Four, the ALJ determined, through the date last insured, Batchelor is unable to perform any past relevant work. (Tr. 17-18). At Step Five, the ALJ determined, based on Batchelor's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Batchelor could perform. (Tr. 18-19). Therefore, the ALJ determined Batchleor has not been under a disability and denied her claim. (Tr. 19).

5

**V. Analysis**

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Batchelor challenges the Commissioner's decision on two specific grounds, contending: (1) the ALJ failed to properly evaluate the credibility of her complaints consistent with the Eleventh Circuit Pain Standard, (doc. 10 at 4-11); and (2) the ALJ failed to properly articulate good cause for according less weight to the opinion of Dr. Dyas, Batchelor's treating physician, (*id.* at 11-14). Because the second ground supports remand, it will be addressed first.

### A. The ALJ Failed to Articulate the Weight Given to Dr. Dyas' Opinion

In considering whether a claimant is disabled, an ALJ must consider all medical opinions in a claimant's case record, together with other relevant evidence. 20 C.F.R. § 404.1527(b). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 1179 (11th Cir.2011). In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Id.* "Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id.* (internal quotation marks omitted). In *Winschel*, the Eleventh Circuit reversed

after determining that it was "possible that the ALJ considered and rejected" two medical opinions because "without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.*

Here, the ALJ failed to articulate the weight given to Dr. Dyas' opinion or the grounds for discounting Dr. Dyas' February 23, 2015 letter. Dr. Dyas, Batchelor's treating physician, submitted a letter dated February 23, 2015, wherein he addressed Batchelor's diagnoses and limitations. (Tr. 475-76). Dr. Dyas noted that Batchelor's ongoing symptoms included muscle spasm with muscle pain, mechanical back pain with pain associated with any range of motion of her back, neuropathic pain with pain located in her right hip and leg. (R.475). He noted she had been treated with Hydrocodone, Gabapentin, and Xanaflex, which may cause her to experience sleepiness, drowsiness and constipation. (*Id.*). Dr. Dyas opined that it is certainly likely Batchelor would miss two days per month from work on a consistent basis. (*Id.*). This opinion is consequential because the Vocational Expert ("VE") testified that such absences "would be excessive to retaining the types of jobs associated with the RFC if an individual were to miss two or more days a month from work. (R. 46).

The Commissioner argues that, although the ALJ did not explicitly state his reasons for rejecting Dr. Dyas' opinion, his decision shows that he "impliedly" rejected it. (Doc. 14 at 10-11). The Commissioner relies on *Dyer v. Barnhart* for the proposition that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks and alterations omitted). (*Id.*). But in *Dyer*, the Eleventh Circuit was referring to an ALJ's duty to discuss general objective evidence, such as the

prescriptions a claimant took. *Winschel*, which was decided more recently than *Dyer*, deals with an ALJ's heightened duty to discuss medical opinions; thus, it controls in this case. *See e.g.*, *McClurckin v. Social Sec. Admin.*, 625 Fed. Appx. 960 (11th Cir. 2015). Furthermore, as a treating physician, the ALJ was required to articulate good cause if he was discounting Dr. Dyas' opinion. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988); *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). As the ALJ failed to set forth the weight, if any, afforded to Dr. Dyas' opinion, he certainly failed to articulate good cause if (as it appears) he discounted it.

Because the ALJ failed to state the weight assigned to Dr. Dyas' opinion or the reasons why he may have discounted or rejected his opinion, the decision of the Commissioner is reversed and remanded for proceedings consistent with this opinion. The undersigned does not reach the issue of whether the ALJ properly evaluated Batchelor's subjective complaints of pain consistent with the Eleventh Circuit pain standard. However, the ALJ should reevaluate the credibility of Batchelor's subjective complaint when considering Dr. Dyas' opinions; specifically, how Dr. Dyas' opinions, and the weight attributed thereto, affects that assessment.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Batchelor's claim for a period of disability and disability insurance benefits is **REVERSED**. This action will be **REMANDED** as set forth in this opinion.

DONE this 15th day of March, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE